[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-15160
Non-Argument Calendar

_____

D. C. Docket No. 06-20318-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO GERARDO BARRAGAN LEON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 18, 2008)

Before BIRCH, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Roberto Gerardo Barragan Leon appeals his conviction for aggravated

identity theft and the denial of his motion for a new trial based on juror misconduct. 18 U.S.C. § 1028A. Leon's appeal presents two issues. First, although Leon argues that the evidence was insufficient to support his conviction under the aggravated identity theft statute and that the district court erred when it instructed the jury on this count, these arguments on appeal at bottom present issues of statutory construction: whether the term "knowingly" in section 1028A(a)(1) applies only to the words "transfers, possesses, or uses" or whether it applies to the entire predicate in the statute, including whether the "means of identification" belonged to "another person." Second, Leon argues that the district court abused its discretion when it denied Leon's motion for a new trial based on alleged exposure of the jury to extrinsic evidence and alleged premature deliberations by the jury. We discuss each issue in turn and affirm.

Our analysis of the issue of statutory interpretation is governed by our decision in United States v. Hurtado, 508 F.3d 603 (11th Cir. 2007). In Hurtado, we held that to satisfy the knowledge requirement of the aggravated identity theft statute, the government did not have to prove that the defendant was aware that the identification documents he knowingly "transferr[ed], possess[ed], or use[d]" belonged to another actual person. Id. at 610; 18 U.S.C. § 1028A(a)(1). We concluded that "knowingly" modified only the verbs in the statute, so that a

defendant who "knowingly transfers, possesses, or uses, without lawful authority" the means of identification of another person while he commits another felony can be convicted of aggravated identity theft even if he does not know that the identification belongs to another actual person. There was sufficient evidence from which the jury could conclude that Leon knowingly used the Puerto Rican birth certificate of Gilberto Marti and a Florida identification card in the name of Gilberto Marti while he applied for a United States passport and committed two other felonies: knowingly making a false statement on a passport application and falsely and wilfully representing himself to be a citizen of the United States. 18 U.S.C. §§ 911, 1542. There was also sufficient evidence from which the jury could conclude that Leon used the birth certificate "without lawful authority." The director of the verification and investigation division of the Puerto Rican Department of Health Demographic Registry testified that the existence of Marti's birth certificate meant that there was a "real Gilberto Marti," that only the individual himself, his parents, or his children may request a copy of a birth certificate, that someone claiming to be Marti had requested a copy of the birth certificate using a driver's license issued to Marti, and that a Puerto Rican birth certificate cannot lawfully be transferred from one person to another.

The district court did not abuse its discretion when it denied Leon's motion

3

for a new trial based on alleged juror misconduct. The district court concluded that Leon did not present substantial evidence of a specific impropriety that required further inquiry about the verdict of the jury. See Fed. R. Evid. 606(b). The district court further concluded that, based on the testimony of an alternate juror who it found credible, the evidence did not establish that the juror whose conduct was at issue had expressed his views about the evidence in the case or influenced the view of any other juror, so no extrinsic evidence influenced the trial jurors and there were no premature deliberations by the jury. "While we conceivably might have followed a different course and even arrived at a different result than the district court did if we had been presiding over the trial of this case," after a review of the inquiry conducted by the district court and the other record evidence, we cannot conclude that the denial of the motion for a new trial by the district court "was a clear error of judgment." United States v. Dominguez, 226 F.3d 1235, 1247 (11th Cir. 2000). The district court has broad discretion in these situations to investigate and remedy juror misconduct, and this "discretion is at its broadest when the allegation [of juror misconduct] involves internal misconduct such as premature deliberations." Id. at 1246. We affirm the denial of Leon's motion for a new trial.

Leon's conviction is

**AFFIRMED**.